**FILED**

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

DEC 2 2 2014

CLERK

| | |
|---|---|
| CHRIS CAMPBELL, | ) |
| | ) |
| Plaintiff, | ) Civil No. _14-4189_ |
| | ) |
| vs. | ) |
| | ) COMPLAINT |
| SOUTHEASTERN BEHAVORIAL | ) (JURY TRIAL DEMANDED) |
| HEALTHCARE, | ) |
| | ) |
| Defendant. | ) |
| | ) |

COMES NOW, Chris Campbell, Plaintiff, and for his Complaint against Defendant states and alleges as follows:

## JURISDICTION, VENUE AND PARTIES

1)  This a disability discrimination and retaliation action arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000, *et seq.*, and Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*  Plaintiff also invokes this Court's exercise of supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

2)  This Court has jurisdiction over Plaintiff's discrimination claims pursuant to 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. §§ 1331 and 1343(a)(4).

3)  Venue is proper in accordance with 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f)(3).

4)  Plaintiff, Chris Campbell ("Campbell"), is an adult resident of Sioux Falls, South Dakota.

5)  Campbell was an employee of the Defendant, Southeastern Behavioral Healthcare ("Southeastern"), which is incorporated in the state of South Dakota and does business in Sioux Falls, South Dakota.

6)  Campbell timely filed his Charge of Discrimination with the South Dakota Division of

Human Rights ("SDDHR") and the Equal Employment Opportunity Commission ("EEOC") on

or about February 21, 2014.  On September 22, 2014, Campbell received a Notice of Rights from

the EEOC.

## GENERAL ALLEGATIONS

7)  Southeastern Behavioral Healthcare ("Southeastern") employed Campbell as its Finance

Director from September 3, 2013, to October 18, 2013.

8)  At all times relevant to this litigation, Campbell suffered from a diagnosed medical

condition which is permanent and affects his emotional well-being.

9)  Campbell's medical condition substantially limits one or more of his significant life

activities, including working, concentrating and interacting with others.

10)  Campbell notified Southeastern of his disability when he confidentially explained his

medical condition during his interview process with the Southeastern interview panel, which

included Kristi Graham who subsequently became Campbell's direct supervisor.

11)  Campbell made repeated requests for reasonable accommodations for his disability on at

least three occasions to Kristi Graham including on September 23, October 7 and October 14,

2013.  These requests were never granted.

12)  Campbell experienced several instances of Graham violating his medical confidentiality

when Graham disclosed Campbell's disability to other employees that who were not involved in

his care and had no legitimate business reason to know about his medical condition.

13)  Campbell suffered and adverse employment action when he was terminated by Graham.

14)  On or about Friday, October 18, 2013, just four days after his most recent request for

accommodations and after Campbell complained to Graham about her unauthorized disclosure of

2

his disability.  Graham forced Campbell to leave the building by threatening police interference and told him he was fired.

### COUNT I: VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
### (Disability Discrimination, Reasonable Accommodations & Retaliation)

15)  Defendant Southeastern is a covered employer as contemplated by SDCL § 20-13-1(7) and 42 U.S.C. § 12111.

16)  Plaintiff Campbell is and was, at all times relevant to this action, "disabled" as contemplated by SDCL § 20-13-1(4) and 42 U.S.C. § 12101.

17)  Southeastern knew of Campbell's disability.

18)  Campbell was able to perform, with or without reasonable accommodations, the essential functions of his Finance Director position.

19)  Despite Campbell's repeated requests for reasonable accommodations, Southeastern failed to provide, or consistently provide, those reasonable accommodations.

20)  Southeastern's proffered reason for terminating Campbell was pretextual and retaliatory.

21)  Southeastern terminated Campbell because of his disability and in retaliation for his requests for reasonable accommodationa, including his request that his supervisory employee maintain his medical confidentiality.

22)  The conduct of Southeastern as stated above violates the provisions of State and Federal law, specifically SDCL § 20-13-1, *et seq.* and 42 U.S.C. § 12101, *et seq.*

23)  As a direct and proximate result of Southeastern's action, Campbell has suffered and sustained lost income, lost employment-related benefits, a diminishment in future earning capacity, damaged reputation, embarrassment, humiliation, emotional distress and mental anguish.

24) But for his employer's discriminatory treatment, Campbell intended to continue employment with Southeastern.

25) The unlawful employment practices complained of in Count One were willful, reckless and malicious.

26) As a further direct and proximate result of Southeastern's violations as alleged herein, Plaintiff Campbell is entitled to recover from Defendant Southeastern reasonable attorney fees and costs as provided by law.

## DEMAND FOR JURY TRIAL

27) Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Campbell hereby requests a trial by jury.

## RELIEF REQUESTED

WHEREFORE, Campbell requests and prays for judgment against Defendant as follows:

1) For an award to be determined by a jury sufficient to compensate him for all special and general damages;

2) For punitive damages in such an amount as the evidence at trial may show in amounts to be determined by the jury;

3) For prejudgment interest;

4) For his costs, disbursements and expenses incurred in the pursuit of this matter;

5) With respect to his civil rights claims, and pursuant to state law, for his attorney's fees, costs and interest pursuant to 42 U.S.C. § 2000e-5(k); and

6) For such other and further relief as the Court may deem just and appropriate.

Dated this 18th day of December 2014.

4

JOHNSON POCHOP & BARTLING

By:

Kelsea K. Sutton
Stephanie E. Pochop
405 Main Street
Gregory, SD 57533
605-835-8391
Johnson@gwtc.net
Attorneys for Plaintiff Chris Campbell